IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CR-11-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| SHAWN ALEXANDER POWELL, ) | |
| ) | |
| Defendant. ) | |

On July 20, 2020, Shawn Alexander Powell ("Powell" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 76]. On May 26, 2021, Powell, through counsel, filed a memorandum and exhibits in support [D.E. 79]. On June 8, 2021, the government responded in opposition and filed an exhibit in support [D.E. 82]. As explained below, the court denies Powell's motion.

I.

On April 20, 2009, pursuant to a written plea agreement, Powell pleaded guilty to conspiracy to possess with the intent to distribute more than five grams of cocaine base (crack). See [D.E. 21, 22]. On September 22, 2009, the court held Powell's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 33–35]. After addressing Powell's objections, the court calculated Powell's total offense level to be 35, his criminal history category to be VI, and his advisory guideline range to be 292 to 365 months' imprisonment. See [D.E. 35] 4–57. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court varied down and sentenced Powell to 216 months' imprisonment. See id. at 58–81; [D.E. 34] 2. The court

also announced that even if it miscalculated the advisory guideline range, then it would impose the same sentence as an alternative variant sentence. See [D.E. 35] 83. Powell did not appeal.

On June 17, 2013, Powell moved pro se for a sentence reduction [D.E. 37]. On December 9, 2013, Powell, through counsel, amended the motion [D.E. 43]. On January 22, 2014, the court denied the motion [D.E. 44]. Powell appealed [D.E. 45]. On July 1, 2014, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Powell, 577 F. App'x 207, 207 (4th Cir. 2014) (per curiam) (unpublished); [D.E. 49]. On November 3, 2014, the Supreme Court of the United States denied Powell's petition for writ of certiorari. See Powell v. United States, 574 U.S. 986 (2014).

On November 21, 2014, Powell moved pro se for a sentence reduction [D.E. 52]. On November 25, 2015, Powell, through counsel, moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 [D.E. 54]. On June 20, 2018, the court denied the motions [D.E. 57].

On July 22, 2019, Powell moved for sentence reduction under section 404 of the First Step Act, 132 Stat. at 5222 [D.E. 60]. On April 6, 2020, the court denied Powell's motion [D.E. 70]. Powell appealed [D.E. 71]. On May 25, 2021, the Fourth Circuit affirmed. See [D.E. 77].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

2

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy

---

      (ii) The defendant is—

          (I) suffering from a serious physical or medical condition,

          (II) suffering from a serious functional or cognitive impairment, or

          (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On April 26, 2021, Powell's counsel submitted a request for compassionate release on Powell's behalf, but received no response. See [D.E. 79] 4; [D.E. 79-1]. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34

5

(6th Cir. 2020).² Accordingly, the court addresses Powell's claim on the merits.

Powell seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Powell cites the COVID-19 pandemic and his asthma, methicillin-resistant staphylococcus aureus ("MRSA"), and obesity. See [D.E. 76] 2; [D.E. 79] 5–7; [D.E. 79-2]. Powell also cites the conditions at FCI Fort Dix,³ his rehabilitation efforts, his release plan, his new advisory guideline range, and that he has served over 76% of his sentence. See [D.E. 76] 1–2; [D.E. 79] 2, 9–12.⁴

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Powell states that he suffers from asthma, MRSA, and obesity, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while Powell serves his sentence. Moreover, Powell has refused the COVID-19 vaccine, which undermines any legitimate claim of fear of contracting the virus. See [D.E. 82] 3, 19–20; [D.E. 82-1]. Accordingly, reducing Powell's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Powell's medical conditions, Powell's rehabilitation efforts, his release plan,

---

² The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

³ Powell is incarcerated at FCI Terre Haute. See Find an Inmate, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (search name field for "Shawn Powell") (last visited June 14, 2021).

⁴ Powell's new advisory guideline range is 188 to 235 months' imprisonment based on a total offense level 31 and criminal history category VI. See [D.E. 66] 2; cf. United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); McCoy, 981 F.3d at 280–88.

6

and his new advisory guideline range are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Powell's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Powell is 36 years old and engaged in serious criminal conduct from 2005 to 2008. See PSR ¶¶ 5–9. Powell is accountable for distributing 1.73 kilograms of cocaine base (crack) and 1.48 kilograms of cocaine. See id. Additionally, Powell recklessly created a substantial risk of death or serious bodily injury by fleeing from arrest in his car in a residential area. See id. ¶¶ 5, 9, 49. Moreover, Powell has a deplorable criminal record, has performed poorly on supervision, and has made a career of drug dealing since being expelled from the fifth grade. See id. ¶¶ 7, 12–27. Powell's convictions include, inter alia, larceny, hit/run failure to stop for property damage, reckless driving to endanger (two counts), flee/elude arrest with a motor vehicle, speeding in a school zone, resisting a public official, possession of stolen goods/property, breaking and entering, breaking and entering a motor vehicle (three counts), possession of marijuana, eluding arrest by motor vehicle with three aggravating factors, and possession of cocaine. See id. ¶¶ 12–27. Although Powell has taken some positive steps while incarcerated, he sustained disciplinary infractions for being in an unauthorized area, two counts of being absent from assignment, possession of gambling paraphernalia, possession of a hazardous tool (cell phone), and refusing to obey an order. See [D.E. 66] 2; [D.E. 70] 3; [D.E. 79] 11–12. Possessing a cell phone in prison is very serious misconduct.

7

Cf. United States v. Melton, 761 F. App'x 171, 173–77 (4th Cir. 2019) (per curiam) (unoublished). That Powell possessed the cell phone in 2017 suggests to this court that Powell will not comply with the law when he is ultimately released.

The court has considered Powell's exposure to COVID-19, his vaccine refusal, his medical conditions, his rehabilitation efforts, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to vaccinate Powell, the section 3553(a) factors, Powell's arguments, the government's persuasive response, and the need to punish Powell for his serious criminal behavior, to incapacitate Powell, to promote respect for the law, to deter others, and to protect society, the court declines to grant Powell's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Powell's request for home confinement, Powell seeks relief under the CARES Act. See [D.E. 76]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Powell's request for home confinement.

II.

In sum, the court DENIES Powell's motion for compassionate release [D.E. 76], and DISMISSES Powell's request for home confinement.

SO ORDERED. This 15 day of June 2021.

JAMES C. DEVER III
United States District Judge